■ HENRY SCHRADER, Respondent, v. RUGHEN REALTY CORPORATION, Appellant.— In an action to recover a balance due, the appeal is from an order denying a motion to dismiss the complaint, pursuant to subdivision 5 of rule 107 of the Rules of Civil Practice, on the ground that the cause pleaded therein is barred by the Statute of Limitations, with leave to allege the same facts as a defense in the answer. Order affirmed, without costs. No opinion. Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ., concur.

■ LEROY O. TAYLOR, Respondent, v. SAVOY BALLROOM CORP. et al., Appellants.— In an action to recover damages for personal injuries, a motion to dismiss the complaint for failure to prosecute was granted, on consent, by an order dated January 25, 1956, unless within 15 days after the entry of the order and service of a copy thereof with notice of entry, the action be placed on the calendar. An order dated May 18, 1956 granted a motion to vacate the order dated January 25, 1956 and to argue the motion to dismiss the complaint for failure to prosecute, and after argument granted that motion on condition that the action be placed on the calendar for the September, 1956 term. The appeal is from the order dated May 18, 1956. Order dated May 18, 1956 reversed, without costs, motion to vacate order dated January 25, 1956 denied, without costs, and order dated January 25, 1956 reinstated. Without passing on the propriety of the interference by one Justice at Special Term with the discretion of another Justice at Special Term, it is our opinion that in any event there was an improvident exercise of discretion in the making of the order under review. Respondent failed to present any facts showing any reasonable excuse for the delay of more than two years after joinder of issue in bringing the cause on for trial and failed to make any showing of merits. In the absence thereof it was an improvident exercise of discretion to allow respondent to remedy his lack of diligence by noticing the case for a later term (*Brassner Mfg. Co.* v. *Consolidated Edison Co. of New York*, 1 A D 2d 840; *Lange* v. *Bagish*, 285 App. Div. 833; *Mancino* v. *City of New York*, 1 A D 2d 830). Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.

■ JACK WORKMAN, Respondent, v. EASTERN LIVE POULTRY COMPANY, Appellant.— In an action to recover damages for personal injuries, the appeal is from a judgment entered on a verdict for $40,000 in favor of respondent. Judgment reversed and new trial granted, with costs to abide the event, unless respondent stipulate, within 20 days after the entry of the order hereon, to reduce the verdict to $30,000, in which event the judgment, as so reduced, is unanimously affirmed, without costs. In our opinion the verdict is excessive. Wenzel, Beldock, Murphy and Kleinfeld, JJ., concur; Nolan, P. J., dissents and votes to affirm the judgment without reduction.